## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EUGENE E. DABNEY, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-00987-XR |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On this day the Court considered Defendant CitiMortgage's Motion to Dismiss (Docket no. 3). For the following reasons, the Court GRANTS the motion.

## BACKGROUND

On April 26, 2001, Plaintiff Eugene E. Dabney obtained a mortgage from Southtrust Mortgage Corporation on his property located at 14303 Briarbend Drive, San Antonio, Texas 78247. Docket no. 3-1. The mortgage originally secured a debt of $74,399.00.[1] *Id*. In connection with the transaction, the Plaintiff executed a promissory note and deed of trust. Docket no. 3-2. Southtrust transferred the promissory note and deed of trust to First Nationwide Mortgage Corporation, which has since merged into Defendant CitiMortgage, Inc., the current holder of the mortgage. Docket nos. 3-3, 3-4.

In response to Defendant's attempt to proceed with an October 4, 2016 foreclosure sale on the property, Plaintiff sought to "set aside the anticipated foreclosure sale of the property" by filing his original petition in the 288th Judicial District Court of Bexar County. Docket no. 1-3.

---

[1] The current value of the property is $128,760.00 according to Bexar County appraisal records. Docket no. 1-7. Because Plaintiff's complaint seeks to set aside the foreclosure sale, Docket no. 1-3 at 2, the value of the property determines the amount in controversy for establishing diversity jurisdiction. *Nationstar Mortg. LLC v. Knox*, 351 F. App'x. 844, 848 (5th Cir. 2009); *Valadez v. Bank of Am.*, SA-13-CA-271-XR, 2013 WL 3559145, at *3 (W.D. Tex. July 11, 2013). Because the value of the property exceeds $75,000, diversity jurisdiction is proper.

Defendant thereafter removed the action to this Court. Docket no. 1. Plaintiff alleges that notice of the sale was posted publicly and sent to him via certified mail, return receipt requested, and does not contest the adequacy of the notice of the sale. Docket no. 1-3 at 1–2. According to Plaintiff, he and Defendant "were in negotiations regarding the loan" and that Defendant's acceleration of the loan was not proper. *Id*. at 2. He alleges that Defendant failed to provide him with a "full explanation as to reason [sic] why Defendant ceased to honor the agreement made between Plaintiff and Defendant" and that Defendant failed "to notify Plaintiff that the agreement was no longer valid." *Id*.

Defendant filed the motion to dismiss that is now before the Court, arguing that Plaintiff has failed to state a claim upon which relief can be granted. Docket no. 3. Plaintiff did not respond to this motion.

## DISCUSSION

## I.   Legal Standard

### a.   Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must

contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).

### b. Documents that May Be Considered

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim'"). A district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

In this case, Defendant attached Plaintiff's deed of trust to its motion to dismiss. This document is referenced in the complaint and provides the authority for Defendant to foreclose. Moreover, the deed of trust has been recorded and is a matter of public record. Finally, Plaintiff has not objected to Defendant's use of this document to establish the original amount of the mortgage. For these reasons, the Court takes judicial notice of the deed of trust and will consider the document in ruling on Defendant's motion to dismiss.[2]

---

[2] The Court does the same with the documents attached to Defendant's motion to dismiss that establish Defendant as the current holder of the note because these documents are matters of public record. Docket no. 3-3

## II.    Analysis

Plaintiff's petition does not identify or delineate any causes of action. Instead, his petition contains one set of factual allegations that are not linked with any specific legal theories:

> Due to the fact that Plaintiff and Defendant were in negotiations regarding the loan, and the failure by Defendant to provide Plaintiff with a full explanation as to reason [sic] why Defendant ceased to honor the agreement made between Plaintiff and Defendant, and the failure by Defendant to notify Plaintiff that the agreement was no longer valid, accordingly the acceleration of the note is not proper.

Docket no. 1-3 at 2. As far as the Court can tell, Plaintiff is alleging that he and Defendant agreed to negotiate or restructure the loan, and that Defendant violated this agreement by accelerating the loan and seeking foreclosure.[3]

In the interests of completeness, the Court will analyze these allegations in the context of any causes of action that Plaintiff might be asserting. For the reasons discussed below, Plaintiff fails to state a viable cause of action, and his case is dismissed.

### a.   Promissory Estoppel

Although normally a defensive theory, promissory estoppel can be asserted as a cause of action where a promisor unjustly induces another to substantial action or inaction. *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 Fed. App'x. 394, 398 (5th Cir. 2013); *see also Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 138–40 (Tex. App.—Corpus Christi 2001, no pet.) "The requisites of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment." *Ford*, 44 S.W.3d at 139 (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). "However, as when promissory estoppel is used as a defense, if the underlying oral promise is barred by the statute of

---

(Assignment of Note and Mortgage/Deed of Trust to First Nationwide); Docket no. 3-4 (Certificate of Merger between First Nationwide and Defendant).

[3] To the extent that Plaintiff is referring to the original loan agreement, his allegations are too vague to state a viable cause of action, as they do not explain how Defendant failed to honor this agreement.

frauds, the plaintiff must show that the promisor promised to sign a written document that would satisfy the statute of frauds." *Ford*, 44 S.W.3d at 140.

In Texas, the statute of frauds requires that loan agreements in excess of $50,000 be in writing to be enforceable. TEX. BUS. & COM. CODE § 26.02; *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). The statute defines "loan agreements" to include:

> [O]ne or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.

TEX. BUS. & COM. CODE § 26.02(a)(2). If a contract falls within the ambit of the statute of frauds, then "any subsequent oral modification to the contract" also falls within the ambit of the statute of frauds. *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see Martins*, 722 F.3d at 256 ("An agreement regarding the transfer of the property or modification of a loan must . . . be in writing to be valid."). Moreover, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank N.A.*, 508 F. App'x. 326, 328–29 (5th Cir. 2013).

Here, Plaintiff's mortgage is subject to the statute of frauds because it includes a loan agreement in the original amount of $74,399.00. Docket no. 3-1; *see* TEX. BUS. & COM. CODE § 26.02; *Martins*, 722 F.3d at 256. Therefore, any modification of the loan or any agreement to postpone a foreclosure sale of the property secured by the loan would have to be in writing to be enforceable. *See Martin*, 722 F.3d at 256; *Milton*, 508 F. App'x at 328–29. Aside from failing to identify the details of the agreement that he alleges Defendants failed to honor, Plaintiff does not allege that this agreement to negotiate was written. Further, he does not allege that Defendant

promised to sign an agreement to modify the loan in satisfaction of the statute of frauds. Thus, the statute of frauds bars any promissory estoppel claim set forth by Plaintiff.

In addition, Plaintiff also fails to allege facts to support many of the elements of a promissory estoppel claim. Giving him the benefit of the doubt and assuming that he has adequately alleged a promise by Defendant, Plaintiff does not address his reliance on this promise, either as foreseeable from Defendant's perspective or detrimental from his own. For these reasons as well, Plaintiff fails to state a claim for promissory estoppel.

### b. Breach of Contract

As stated above, any modification of the loan would have to be in writing to be enforceable. *See Martin*, 722 F.3d at 256; *Milton*, 508 F. App'x at 328–29. The Court cannot enforce the agreement to negotiate or restructure that Defendant allegedly breached if the agreement was not in writing, and Plaintiff does not allege that the agreement in writing. The statute of frauds therefore bars any breach of contract claims as well.

Again, Plaintiff also fails to address the elements of a cause of action for breach of contract. These elements are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach." *Winchek v. Am. Exp. Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "To be enforceable, a contract must be sufficiently certain to enable a court to determine the rights and responsibilities of the parties." *Id*. Plaintiff's allegations are not specific enough to meet the threshold element of a breach of contract claim—the existence of a valid contract—because the Court cannot discern the rights and responsibilities of either party to the alleged contract, let alone whether Plaintiff performed, Defendant breached, and Plaintiff suffered damages. For these reasons as well, Plaintiff does not state a claim for breach of contract.

6

### c.  Wrongful Foreclosure

To the extent that Plaintiff seeks to "set aside the anticipated foreclosure of the Property," Plaintiff's complaint could also be read as asserting a cause of action for wrongful foreclosure. Docket no. 1-3 at 2. In Texas, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). A foreclosure sale may also be set aside as invalid if the 20 day notice of default and 21 day notice of sale required by Chapter 51 of the Texas Property Code are not properly and timely served. *See* TEX. PROP. CODE § 51.002(b), (d); *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n.6 (5th Cir. 1989); *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 232–34 (Tex. 1982).

Plaintiff's complaint does not allege facts to support any of these elements. Because it is unclear whether any foreclosure sale even occurred, there is no allegation of whether there was a grossly inadequate selling price or causal connection between this selling price and a defect in notice. Moreover, the only allegations with regard to the notice of the foreclosure sale do not claim that notice was deficient. *See* Docket no. 1-3 at 2 ("The Notice of Sale was posted by virtue of public notice and by certified mail return receipt requested to the Plaintiffs [sic] on the Property."). Accordingly, Plaintiff does not state a valid claim for wrongful foreclosure.

### d.  Injunctive Relief

Having failed to set forth a viable underlying cause of action, Plaintiff is further not entitled to the requested injunctive relief of preventing a foreclosure sale.  *See Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012) ("In the absence of a viable substantive claim, plaintiffs' request

for injunctive relief is without merit."); *Von Scheele v. Wells Fargo Bank, N.A.*, SA-12-CV-00690-DAE, 2013 WL 5346710, at \*6 (W.D. Tex. Sept. 23, 2013).

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (Docket no. 3) is GRANTED. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and may file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED on this 2nd day of December, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE